Filed 2/13/24  P. v. Green CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

 Plaintiff and Respondent,

v.

CHARLIE BANKS GREEN,

 Defendant and Appellant.

E081477

(Super.Ct.No. 16CR029514)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended the felony-murder rule and the natural and probable consequences doctrine.  In 2017, defendant and appellant Charlie Banks Green was charged with committing murder with malice aforethought.  In July 2020, more than a year and a half after Senate Bill No. 1437 became effective, defendant pleaded guilty to voluntary manslaughter.  In April 2022, defendant sought resentencing under Penal Code[1] section 1172.6 (formerly section 1170.95).[2]  The trial court summarily denied the petition, finding defendant could not have been prosecuted under a now-invalid theory of liability because he had entered his guilty plea after the enactment of Senate Bill No. 1437.

On appeal, defendant contends the trial court erred in denying his petition for resentencing at the prima facie stage without issuing an order to show cause because, when he entered his plea, Senate Bill No. 775 (2021-2022 Reg. Sess.), which extended relief to defendants convicted of voluntary manslaughter, was not yet in effect.  Although Senate Bill No. 775 became effective on January 1, 2022, we find the fact defendant entered his plea after the effective date of Senate Bill No. 1437 makes him ineligible for relief.  We therefore affirm the order denying defendant's petition for resentencing.

---

[1]  All future statutory references are to the Penal Code.

[2]  Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text.  (Stats. 2022, ch. 58, § 10.)  We cite to section 1172.6 for ease of reference unless otherwise indicated.

## PROCEDURAL BACKGROUND

Following the preliminary hearing, on May 23, 2017, the San Bernardino County District Attorney filed an information against defendant and two codefendants. As to defendant, the information charged him with murder of C.M. with malice aforethought (§ 187, subd. (a); count 1) and street terrorism (§ 186.22, subd. (a); count 2). The information also alleged gang and firearm enhancement allegations.

On July 10, 2020, defendant withdrew his not guilty plea and pled guilty to the added charge of voluntary manslaughter (§ 192, subd. (a)). He also admitted the gang enhancement (§ 186.22, subd. (b)(1)(B)) and a principal armed with an assault weapon (§ 12022, subd. (a)(2)) allegation. In return, defendant was promised a stipulated term of 19 years in prison and the dismissal of the remaining allegations. On August 28, 2020, the trial court sentenced defendant in accordance with the plea agreement and dismissed the remaining charges.

On July 5, 2022, defendant filed a petition to vacate his manslaughter conviction and for resentencing pursuant to section 1172.6. In the form petition, defendant checked the boxes declaring that (1) the information filed against him "allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime"; (2) he was convicted of manslaughter and accepted a plea offer in lieu of a trial at which he could have been convicted of

murder; and (3) presently he could not be convicted of murder under changes made to sections 188 and 189. He requested the trial court to appoint counsel to represent him.

On July 19, 2022, the People filed an opposition to defendant's petition, arguing defendant was ineligible as a matter of law because he was a direct aider and abettor and was convicted after the effective date of Senate Bill No. 1437. The People thus believed it was legally impossible that defendant accepted a plea offer in lieu of trial at which he could have been convicted of murder based on an impermissible theory. Defendant's counsel filed a prima facie brief, stating defendant was not categorically precluded from relief and that an order to show cause should be issued since factual issues needed to be resolved.

A hearing on defendant's petition was held on April 12, 2023. The trial court began the proceedings by stating, "the issue before the Court is whether or not Mr. Green states a prima fascia [*sic*] case. He alleges in his petition that he was convicted under a theory of felony murder or a natural and probable consequences theory, which, if true, would state a prima facia case. [¶] However, this plea was entered after the enactment of Penal Code Section 1170.95, so it's not possible for him to be convicted of murder under felony murder because the law no longer—that legal theory has been vacated. Additionally, the natural and probable consequences legal theory for murder was no longer a valid legal theory. [¶] The only way he could have been convicted, if he went to trial, was as an aider and abettor under express or implied malice and that he had the

4

criminal intent under implied malice or express malice, and he committed an act that furthered the codefendant, Noble-Cole, in the shooting of the victim."

The prosecutor clarified that felony murder was still a viable theory following the enactment of Senate Bill No. 1437, but with stricter requirements. The prosecutor argued that the plea occurred after Senate Bill No. 1437's effective date, so it was legally impossible for defendant to have been convicted of an improper theory of murder. The prosecutor also asserted that defendant was represented by counsel during the plea, and presumably, counsel was aware of the change in the law and advised defendant accordingly. Defense counsel submitted. The trial court denied the petition, finding defendant did not state a prima facie showing he was entitled to relief because the "plea was entered after the law was modified and it was not possible for defendant to have entered a now improper theory." Defendant timely appealed.

III.

DISCUSSION

Defendant argues that the trial court erred in denying his facially sufficient petition without issuing an order to show cause because, when he entered his plea, Senate Bill No. 775, which extended relief to defendants convicted of voluntary manslaughter, was not yet in effect and that it was possible he could have been convicted of manslaughter under an invalid theory as Senate Bill No. 1437 did not then extend to manslaughter. The People respond that defendant is ineligible for relief as a matter of

5

law because he cannot satisfy the requirements under section 1172.6, subdivisions (a)(1), (a)(2), and (a)(3), and that defendant's reliance on Senate Bill No. 775 is misplaced.

A. *Legal Background*

At all relevant times, section 187 has defined murder as an unlawful killing with "malice aforethought." (§ 187, subd. (a).) Section 188 has provided that malice "may be express or implied." (§ 188.)

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437, which amended sections 188 and 189 to limit the scope of accomplice liability under the felony-murder rule and to eliminate liability under the "natural and probable consequences" doctrine for second degree murder. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*); *People v. Gentile* (2020) 10 Cal.5th 830, 839 (*Gentile*); *People v. Patton* (2023) 89 Cal.App.5th 649, 655, review granted June 28, 2023, S279670.) Senate Bill No. 1437 added subdivision (a)(3), to former section 188, which now states in pertinent part, "Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e), now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but,

6

with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added former section 1170.95 (now renumbered § 1172.6), which created "a special procedural mechanism for those *convicted under the former law to seek retroactive relief*" if they could no longer be convicted of murder under the new law. (*People v. Strong* (2022) 13 Cal.5th 698, 708, italics added (*Strong*); see § 1172.6, subd. (a); *Gentile*, *supra*, 10 Cal.5th at p. 843; *Lewis*, *supra*, 11 Cal.5th at p. 959.) "[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . [s]ection 188 or 189 made effective January 1, 2019 . . . .'" (*Strong*, at p. 708.) "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Ibid.*)

The new statute specifically provides that a "person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under

7

which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter" may file a petition to have that "conviction vacated and to be resentenced on any remaining counts when . . . the following [three] conditions apply." First, "A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine"; second, "The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder"; and, third, "The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)-(3).)

Effective January 1, 2022, Senate Bill No. 775 amended former section 1170.95 and "'[c]larifie[d] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.'"[3] (*People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)

---

[3] In Senate Bill No. 775, the Legislature also codified *Lewis*, *supra*, 11 Cal.5th 952, clarifying some of the procedural requirements. (Stats. 2021, ch. 551, § 2.)

B. *Standard of Review*

In this case, the trial court denied defendant's petition at the prima facie stage under section 1172.6, subdivision (c). A denial at this stage is appropriate only if the record of conviction demonstrates that the petitioner is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at p. 960.) This is a purely legal conclusion, which we review de novo. (See *id*. at p. 961.)

Likewise, "[t]he proper interpretation of a statute is a question of law we review de novo. [Citations.] ' " ' "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning." ' " ' [Citation.] ' [W]e look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.] That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute . . . ." [Citation.]' [Citation.] We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.' " ' [Citation.]" (*Lewis*, *supra*, 11 Cal.5th at p. 961.)

C. *Analysis*

The question in this appeal—whether a criminal defendant who was convicted after Senate Bill No. 1437 became effective can nevertheless obtain resentencing relief under section 1172.6—was recently answered by the Fifth District Court of Appeal in

9

*People v. Reyes* (2023) 97 Cal.App.5th 292 (*Reyes*). Like here, the trial court denied the defendant's petition for resentencing, concluding he was ineligible for resentencing because his conviction had occurred after Senate Bill No. 1437 became effective. (*Reyes*, at p. 296.) The Court of Appeal rejected the defendant's argument that the date of his conviction should not bar him from relief and affirmed. (*Id.* at pp. 297-298.)

"In general, the following three conditions are required for a person to seek resentencing under section 1172.6: [¶] (1) A complaint, information or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of murder liability that is now invalid (§ 1172.6, subd. (a)(1)); [¶] (2) Following a trial or the acceptance of a plea offer in lieu of a trial, the petitioner was convicted of manslaughter, murder, or attempted murder (§ 1172.6, subd. (a)(2)); and [¶] (3) *The petitioner could not presently be convicted of murder or attempted murder 'because of changes' brought by Senate Bill No. 1437 and made effective January 1, 2019 (§ 1172.6, subd. (a)(3)).*" (*Reyes*, *supra*, 97 Cal.App.5th at p. 297, italics added.)

The *Reyes* court found the defendant ineligible for resentencing for two independent reasons: "First, in order to be resentenced, the charging document filed against [the defendant] must have allowed the prosecution to proceed under a theory of murder liability that is now invalid. (§ 1172.6, subd. (a)(1).) This requirement is not met here. The prosecution filed the information against [the defendant] in 2020. Thus, when this criminal proceeding was initiated, the prosecution was precluded from proving the murder charge under a theory of imputed malice. This deficiency amply demonstrates

10

that the trial court did not err when it denied [the defendant]'s petition for resentencing." (*Reyes*, *supra*, 97 Cal.App.5th at p. 298.)

Second, "[i]n order to be resentenced, a petitioner must allege that he could not presently be convicted of murder (or its attempt) 'because of changes' brought by Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).) This language demonstrates that [the defendant]'s petition was properly denied. [The defendant] was not convicted under the prior law, which permitted a theory of murder based on imputed malice. Instead, he entered his change of plea in 2021 with the advice and consent of legal counsel. When [the defendant] entered his change of plea, the now invalid theories of murder liability had already been eliminated. Consequently, [the defendant] has already received the benefits of Senate Bill No. 1437." (*Reyes*, *supra*, 97 Cal.App.5th at p. 298.)

We agree with the *Reyes* court and conclude the second reason articulated by the *Reyes* court applies to defendant. Defendant entered his plea in July 2020, more than a year and a half after Senate Bill No. 1437 became effective, with the advice and consent of legal counsel, when the now invalid theories of murder liability had already been eliminated. Defendant thus cannot satisfy the third requirement under subdivision (a)(3) of section 1172.6, namely, he could not presently be convicted of murder or attempted murder "'because of changes'" (*Reyes*, *supra*, 97 Cal.App.5th at p. 298) brought by Senate Bill No. 1437 and made effective January 1, 2019. As our Supreme Court stated in *Lewis*, *supra*, 11 Cal.5th 952, the resentencing procedure was designed to provide

11

retroactive relief to defendants who were, or who could have been, convicted of murder (or its attempt) *under the prior law*. (*Id*. at p. 957.)

While Senate Bill No. 775 added manslaughter and attempted murder to charges that may be eligible for resentencing, it did not change the state of the law regarding murder convictions any further than Senate Bill No. 1437 did. Defendant was facing a murder charge based on his own conduct, but ultimately pled to voluntary manslaughter. Had the People proceeded to trial in 2020, defendant could not have been convicted of murder or attempted murder based an invalid legal theory of liability "because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)

IV.

DISPOSITION

The order denying defendant's petition for resentencing pursuant to section 1172.6 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

MILLER
        Acting P. J.

FIELDS
        J.

12